**UNITED STATES of America, Plaintiff-Appellee,**

v.

**STATE OF TEXAS et al., Defendants.**

**Eddie Mitchell TASBY et al., Intervenors,**

v.

**Honorable Dee Brown WALKER, Judge, etc., et al., Defendants,**

**Robert V. Gillespie et al., Defendants-Appellants.**

**No. 73–2599.**

United States Court of Appeals, Fifth Circuit.

June 10, 1974.

---

See also D.C., 356 F.Supp. 469.

John L. Hill, Atty. Gen., Melvin Corley, Asst. Atty. Gen., Austin, Tex., John Rich, Dept. of Justice, Civ. Rights Div., Washington, D. C., Brian K. Landsberg, Chief Ed. Section, Civ. Rights Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Michael Lowenberg, Woodrow M. Bonesio, Arlen D. Bynum, David C. Musslewhite, Dallas, Tex., for defendants-appellants.

Edward B. Cloutman, III, Dallas, Tex., for other interested parties.

Edward W. Dunbar, Walter L. Irvin, Dallas, Tex., for Tasby, and others.

Walter Wolfram, Amarillo, Tex., for Potter County, Texas, NAACP.

Mario Obledo, San Francisco, Cal., Ed Idar, Jr., Jim Heidelberg, George Korbel, San Antonio, Tex., for GI Forum-LULAC.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

■ Prior school desegregation decisions demonstrate the propriety of awarding counsel fees when the evidence reveals obstinate noncompliance with the law or the use of the judicial process for purposes of harassment or delay in affording rights clearly owed. See the cases cited by the Supreme Court in its recent decision in Bradley v. School Board of City of Richmond (1974), —— U.S. ——, 94 S.Ct. 2006, 40 L.Ed.2d 476.

This is separate, apart from, and in addition to the counsel fee remedy specifically provided by Congress in § 718 of Title VII of the Emergency School Aid Act, 20 U.S.C. § 1617, enacted June 23, 1972, the prime issue in *Bradley*.

■ The present appellants are private individuals, seeking reversal as to counsel fees awarded against them. In the face of a final federal court school desegregation decree, they went into state court and there obtained an ex parte state court injunction which was palpably at odds with the outstanding decree. The appellees successfully sought an injunction against enforcement of the state court decree, from which no appeal was taken, and, in so doing, were awarded counsel fees.

In the context of the prerequisite obstinancy, it makes no difference that the appellants are private individuals. School desegregation litigation is of a kind different from "mere private cases between individuals", Bradley v. Richmond School Board, *supra*.

It is obvious from the appellate record that the appellants were warned of the existence of the federal school desegregation decree and there could have been no lingering doubt that the place to seek any desired modification was in that forum, not by state court injunction. In other words, the appellants, with notice, left the "plainly illuminated path", which means that the finding of the District Court that they acted in obstinate noncompliance with the law cannot be said to have been clearly erroneous.

For the reasons hereinabove stated, and without reaching or intimating any opinion as to other grounds upon which the District Court rested its decision, its judgment awarding counsel fees is

Affirmed.